114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles B. ROBINSON, Defendant-Appellant.
 No. 96-3162.
 United States Court of Appeals, Seventh Circuit.
 Argued April 9, 1997.
Decided April 17, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 In July 1995 defendant Charles B. Robinson was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was arrested on May 31 while he was a passenger in a car stopped by a police officer who thought the driver was operating the car while under the influence of alcohol. A handgun was found in the rear of the vehicle and Robinson, a convicted felon, was charged with possession of a handgun.
 
 
 2
 On May 28, 1996, the district court held an evidentiary hearing on Robinson's motion to suppress the handgun and statements made by him after his arrest. The court denied the motion after hearing the evidence and supported its ruling with a written memorandum. Chief Judge Barker held that defendant did not have standing to object to the search of the vehicle because he was merely a passenger. However, she found that Robinson did have standing to challenge the stop, the arrest and the admissibility of statements made thereafter by defendant. These rulings are not in question.
 
 
 3
 On May 29 Robinson's jury trial began and he was found guilty the next day. His motion for a new trial was denied on June 12, 1996, and on August 26 he was sentenced to 108 months in prison plus a supervised three-year release term. He filed a notice of appeal on the same day.
 
 
 4
 Only two issues are before us: (1) Whether the district court erroneously limited cross-examination of the police officer witnesses about supposedly attempting to prevent a Fourth Amendment challenge to the search of the vehicle, and (2) whether the district court erroneously refused to give a jury instruction about a passenger's standing to challenge the constitutionality of an automobile search.
 
 Facts
 
 5
 At 9 p.m. on May 31, 1995, Seymour, Indiana, police officer Bruce Peak observed a Pontiac traveling near Brownstown, Indiana. The car was swerving from side to side and accelerating and decelerating in an erratic fashion. Peak asked for another officer's assistance before stopping the car to see whether the driver was driving under the influence of alcohol or drugs.
 
 
 6
 When Peak followed the car into an apartment complex, he saw the driver and a passenger in the front seat. Peak testified that he saw the passenger turn and reach between the front bench seats of the car to place a black object in the back seat behind the driver. Officer Combs arrived to assist Peak, who asked the driver to step out of the car. The driver was David Robinson and the passenger, who was also asked to step out of the car, was his brother Charles Robinson. When Peak asked passenger Charles Robinson if he had placed anything in the back of the car, Robinson said he did not know what Peak was talking about.
 
 
 7
 Peak then looked into the car and saw a .25-caliber shell lying on the floor board. Both Robinsons then denied that there were any weapons in the car. However, Peak raised the loose back seat behind the driver's seat where he had seen Charles Robinson place an object and found a .25-caliber semi-automatic loaded handgun in a black holster. Charles Robinson said he did not have a permit for the handgun.
 
 
 8
 David Robinson was arrested for driving under the influence and refusing to take a breathalyzer, and his brother was arrested for possession of a handgun without a permit. On the drive to the jail, defendant Charles Robinson said he had the gun and asked why the officers were messing with his brother.
 
 
 9
 Angela Pferrer, a friend of Charles Robinson, testified she had seen him with a silver handgun in his possession and that the handgun found in the Pontiac was similar to it.
 
 
 10
 Limitation of cross-examination of police officers
 
 
 11
 The district court limited cross-examination of the police officers with regard to the question of their knowledge of Fourth Amendment issues. Defendant wanted to ask the police officers if they had training in the law of standing. He wanted to show that the officers had such training and therefore they believed that his brother, the driver, was in a better position to raise a Fourth Amendment challenge to the search of the car, causing them to implicate defendant rather than his brother as possessor of the gun.
 
 
 12
 The court allowed defendant to challenge the traffic stop and the admissibility of his statements at the May 28 hearing. The question of a passenger's standing to challenge the search of a vehicle was a pure question of law for the court and not for the jury. See United States v. Gaudin, 115 S.Ct. 2310, 2315. The district court was empowered to impose reasonable limitations on cross-examination to avoid confusing the issues (Delaware v. Van Arsdall, 475 U.S. 673, 679) and that is especially so when the standing issue was for the judge, not the jury.
 
 
 13
 Moreover, defendant does not offer any suggestion or make any evidentiary proffer as to why the police officers would seek to make him the subject of undeserved criminal charges. Absent any such proffered evidence, and in the face of evidence to the contrary, defendant's suggested cross-examination would have been a general attack on the officers' credibility as police officers. Defendant had no good faith basis to ask such questions before the jury, and the district court correctly ruled that the questions could not be asked. See United States v. Adames, 56 F.3d 737, 745 (7th Cir.1995), certiorari denied, 116 S.Ct. 2512.
 
 Refusal of jury instruction
 
 14
 Defendant asserts that it was reversible error for the district court to refuse to give the following Proposed Jury Instruction No. 3:
 
 
 15
 The Fourth Amendment to the Constitution of the United States prohibits a law enforcement officer from conducting an unreasonable search or seizure including an unreasonable search of an automobile. Under this provision, a law enforcement officer is permitted to search an automobile only if he has a legal basis for doing so. The driver of an automobile is permitted to challenge the constitutionality of a search, but the passenger of an automobile is not permitted to challenge the constitutionality of the search of an automobile.
 
 
 16
 The instruction was rejected on the valid ground that "there are no jury issues for them [the jurors] to resolve with respect to questions of law." Tr. Vol. II--116. As the judge explained, she had already decided the matter in denying defendant's motion to suppress (ibid ), and that decision is not challenged on appeal. Since there was no Fourth Amendment question before the jury, the instruction was not appropriate. See United States v. Soto-Rodriguez, 7 F.3d 96, 101 (7th Cir.1993).
 
 
 17
 Judgment affirmed.